

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00246-CV

## IN RE CHRISTOPHER K. SCHMOTZER

_____

## Original Proceeding

## MEMORANDUM  OPINION

Christopher K. Schmotzer has both a criminal and a civil appeal pending in this Court.  He has now presented an application for a writ of mandamus requesting us to compel prison officials and employees to consistently adhere to the laws and policies of TDCJ.  Specifically, Schmotzer complains that he is not being given enough legal supplies to address both his criminal and civil appeals.  He contends that he used his 25 page allotment of paper in his criminal appeal and was denied additional supplies to meet the deadlines for his civil appeal.[1]

---

[1] We note that Schmotzer has been presenting many unnecessary documents for filing in his criminal appeal, namely various motions and a brief on his own behalf, when he is represented by counsel. Further there are no deadlines looming in the civil appeal that would require immediate legal supplies. Schmotzer has been filing unnecessary documents in the civil appeal as well.

There are procedural problems with Schmotzer's application. However, we use Rule 2 to look beyond those problems and expedite a decision on the merits of the application. *See* TEX. R. APP. P. 2.

We do not have jurisdiction to issue a writ of mandamus against prison officials and employees unless it is to protect our jurisdiction and the application filed does not raise an issue regarding the need to protect, or danger to, our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004).

Further, the complaints of Schmotzer arise from the actions of personnel at the McConnell Unit of the Texas Department of Criminal Justice – Institutional Division located in Bee County. Bee County is not within this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.201(k) (West 2004).

Further still, it does not appear that Schmotzer has exhausted the administrative process within the Unit prior to attempting to proceed in this forum. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002). Nor has Schmotzer filed an affidavit of indigence necessary to proceed without the advance payment of cost, TEX. R. APP. P. 20.1, or the required affidavit relating to previous filings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West 2002).

Because this proceeding lacks any legal basis, we determine that it is frivolous and filed for no proper purpose but only for harassment. Accordingly, Schmotzer's application for writ of mandamus is dismissed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP.

P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West Supp. 2010). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Writ dismissed
Opinion delivered and filed July 13, 2011
[OT06]